DAVID B. SIMPSON, SB# 106326
dave@wolfsim.com
ADAM N. BOUAYAD, SB# 248087
adam@wolfsim.com
WOLFLICK & SIMPSON
130 N. Brand Boulevard
Suite 410
Glendale, California 91203
Tel: (818) 243-8300
Fax: (818) 243-0122
Attorneys for Defendant
AT&T INC.

ALDON BOLANOS, ESQ., SBN. 233915
LAW OFFICES OF ALDON BOLANOS
925 G STREET
SACRAMENTO, CA 95814
PH. 916.446.2800
FX. 916.446.2828
WWW.ALDONLAW.COM
Attorney for Sherrie Holt, Elvira Anderson, Marlene Mattsson, Kathy Connors, and Alana Keel

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

SHERRIE HOLT, ELVIRA ANDERSON, MARLENE MATTSSON, KATHY CONNERS, ALANA KEEL

Plaintiffs,

vs.

AT&T INC.,

Defendant.

No: 2:13-cv-00635 KJM DAD

**STIPULATION AND PROTECTIVE ORDER**

1. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of material that a producing party contends is confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other

than prosecuting this litigation would be warranted, including but not limited to (1) proprietary procedures, manuals, and policies, (2) proprietary and confidential operations information; (3) internal business or financial information; (4) the personnel files of non-party employees of Defendant; (5) the private information of present or former employees of Defendant, , and (6) "Trade Secrets"; (7) or any other information otherwise designated as "Confidential." The Parties expressly adopt the definition of "trade secrets," as set forth by California Civil Code section 3426.1.

Good cause exists to protect each of the categories of documents identified above, as prejudice or harm to a Party or third party may result if no protective order is granted. In particular, business competitors of Defendant could obtain an unfair advantage, Defendant could be economically prejudiced, customers of Defendant could be economically prejudiced, and the privacy rights of Defendant's past and present employees could be violated if any of the confidential information identified above is published for purposes outside those permitted in this Stipulation and Protective Order. The Parties seek to avoid undue economic harm to the Parties and third parties resulting from complying with their discovery. The purpose of this Stipulation and Protective Order is to protect the legitimately designated confidential business, employee and privacy protected information to be produced in this action from public disclosure.

Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulation and Protective Order. The Parties, and third parties designating documents for protection under this Order, acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The Parties further acknowledge, as set forth in Section 10, below, that this Stipulation and Protective Order creates no entitlement to file confidential information under seal.

2. DEFINITIONS

2.1. Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2. Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3. "Confidential" Information or Items: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under provisions of Paragraph 1.

2.5. Receiving Party: a Party that receives Discovery Material from a Producing Party.

2.6. Producing Party: a Party or non-party that produces Discovery Material in this action.

2.7. Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential — Attorneys' Eyes Only."

2.8. Protected Material: any Discovery Material that is designated as "Confidential" and/or identified as confidential, proprietary or private information in accordance with Section 1, above.

2.9. Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10. House Counsel: attorneys who are employees of a Party.

2.11. Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

2.12. Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current

employee of an adverse Party or of a competitor of an adverse Party's and who, at the time of retention, is not anticipated to become an employee of an adverse Party or a competitor of an adverse Party's. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13. Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3. SCOPE

The protections conferred by this Stipulation and Protective Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that actually reveal Protected Material.

4. DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5. DESIGNATING PROTECTED MATERIAL

5.1. Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

(a) for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the

legend "CONFIDENTIAL" conspicuously on each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that Designating Party, or if the Designating Party is not present the Party or non-party offering or sponsoring the testimony, identify on the record before the close of the deposition, hearing, or other proceeding, all protected testimony. When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, any Party may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Stipulation and Protective Order. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" as instructed by the Party, and may not be disclosed to anyone except as permitted under this Stipulation and Protective Order. The Party requesting that protected testimony be separately bound will be responsible for informing the court reporter of this Stipulation and Protective Order, instructing the court reporter to bind pages revealing Protected Material separately, and paying any additional cost charged by the court reporter for doing so.

(c) for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL". If only portions of the information or item warrant

protection, the Producing Party, to the extent practicable, shall identify the protected portions.

5.2. Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1. Timing of Challenges. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2. Meet and Confer. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue or by e-mail) with counsel for the Designating Party. In conferring regarding "CONFIDENTIAL" designations, the Designating Party must explain in writing, within twenty-one (21) days following a request to justify a designation, the basis for its belief that the confidentiality designation was proper or whether it will reconsider the circumstances and change the designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3. Judicial Intervention. A Party may challenge to a confidentiality designation after considering the justification offered by the Designating Party.

Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1. Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation, and not for any business purposes or in connection with any other litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2. Disclosure of "CONFIDENTIAL" Information or Items. As detailed below, the Court and its personnel are not subject to this Stipulation and Protective Order. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a) Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound by Protective Order" (Exhibit A);

(c) the officers, directors, and managers (excluding putative class members and, if a class is certified, all class members) of the Designating Party during direct- or cross-examination during a deposition or trial, to whom disclosure is reasonably necessary for this litigation;

(d) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound by Protective Order" (Exhibit A);

(e) the Court and its personnel;

(f) court reporters (court reporters employed by the Court are not subject to this Stipulation and Protective Order), their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have been informed that the information is subject to a Protective Order and must remain confidential;

(g) potential witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL," as instructed by the Party, and may not be disclosed to anyone except as permitted under this Stipulation and Protective Order. The Party requesting that protected testimony be separately bound will be responsible for informing the court reporter of this Stipulation and Protective Order, instructing the court reporter to bind pages revealing Protected Material separately, and paying any additional cost charged by the court reporter for doing so; and

(h) the author of the document, or the original source of the information or Private Material and who has previously been shown the document by Producing Party.

7.4. Procedures for Disclosure of Protected Material to "Experts":

Unless otherwise ordered by the court or agreed in writing by the Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Order) any information or item that has been designated Protected Material first must inform the Designating Party that (1) Protected Material information will be provided to an Expert, (2) that the Expert has executed Exhibit "A", (3) that the Receiving Party of the Protected Material information has the Expert's executed Exhibit "A" in its possession prior to the release of any Protected Material information to the Expert; (4) and that the Expert has agreed not to disclose the Protected Material to anyone who has not agreed to be bound by Exhibit "A." Provided the Receiving Party complies with the provisions of this Paragraph 7.4, the Receiving Party has no obligation to disclose the identity of any of its Experts (as defined in this Order) pursuant to this Paragraph 7.4, but this Paragraph 7.4 shall not affect any duty to disclose experts contained in applicable rules, by stipulation of the parties or order of the Court.

7.5 Restrictions on Use of Private Materials. The Private Materials shall not be used for the purpose of contacting current employees of Defendant at work, nor shall information from the Private Materials be revealed to the media.

8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL," the Receiving Party must so notify the Designating Party, in writing (by fax or e-mail, if possible) as soon as practicable, and each party will use its best efforts to provide this notice within three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. The Receiving Party also must make reasonable efforts to inform in writing promptly the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is

the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulation and Protective Order promptly to the party in the other action that caused the subpoena or order to issue. The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulation and Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10. FILING PROTECTED MATERIAL

A Receiving Party may not file in the public record in this action any Protected Material without complying with this Court's Local Rules 141 (pretrial) and 141.1(b)(2) (trial), regarding lodging or filing material under seal. Each Party agrees not to oppose any motion or request to seal Protected Material, except and only to the extent that a Party has previously challenged, in any manner, the designation of the Protected Material which is the subject of the motion or request

to seal. Any Party seeking to file Protected Material under seal must comply with Local Rules 141 and 141.1(b)(2). Notwithstanding the foregoing, a Party may file in the public record employee time records designated as Protected Material so long as all personally identifying information has been redacted from those records.

11. FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action and upon demand, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, “all Protected Material” includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

12. MISCELLANEOUS

12.1. Counsel agree to maintain a file of all Certifications (Exhibit A) required by this Agreement. The file containing the Certifications (Exhibit A) and the specific Certifications therein shall not be available for review by opposing counsel absent agreement of the parties or an order of the Arbitrator or Court to this action determining that there is a good faith basis for the Certifications, or any part of them, to be reviewed.

12.2. Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.3. Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulation and Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.4 Agreement Binding On Party Upon Signature. Each Party agrees to be bound by the terms of this Order regardless of whether it is approved by the Court. If the Court rejects this Order, each Party agrees to enter into a revised Order containing any modifications required by the Court or by applicable law. If the Parties are unable to ascertain which modifications would make the Order acceptable to the Court, they shall nonetheless remain bound by the terms of this Protective Order, even in the absence of its approval by the Court.

IT IS SO STIPULATED.

/ / /

/ / /

WOLFICK & SIMPSON

DATED: March 28, 2014 By: /S/ Dave Simpson
Dave Simpson
Attorneys for Defendant
AT&T, Inc.

LAW OFFICES OF ALDON BOLANOS

DATED: March 27, 2014 By: /S/ Aldon Bolanos
Aldon Bolanos, Esq.
Attorneys for Plaintiffs

**ORDER**

Pursuant to the parties' stipulation, IT IS SO ORDERED.

Dated: April 15, 2014

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

Ddad1\orders.civil\holt0635.stip.prot.ord.doc

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _______________________________ [print or type full name], of __________________ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulation and [Proposed] Protective Order that was issued by the United States District Court, for the Eastern District of California, on _________________________, in the case of Holt et al. v. AT&T, Inc., Case No. 2:13-CV-00635-KJM-DAD. I agree to comply with and to be bound by all the terms of this Stipulation and [Proposed] Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulation and [Proposed] Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court, Eastern District of California, for the purpose of enforcing the terms of this Stipulation and [Proposed] Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint ____________________________ [print or type full name] of _________________________________________________________________ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulation and [Proposed] Protective Order.

Date: ___________________

City and State where sworn and signed:

______________________________

Printed name:

______________________________

Signature:

______________________________